**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

NICOLE FLORIS,

Defendant.

No. 26-MJ-185-1 (ZMF)

**MOTION TO STRIKE GOVERNMENT'S PURPORTED "SUPERSEDING CRIMINAL COMPLAINT"**

Last week, the government charged Nikki Floris, a twenty-year FBI veteran and former Deputy Assistant Director of the Intelligence Branch of the Counterintelligence Division, by criminal complaint with one count of violating 18 U.S.C. § 1001 based on unsworn statements she made voluntarily to U.S. Congress three years ago, in 2023, about events that occurred three years prior to that. Last night, after midnight, the government filed a purported "superseding complaint" on the public docket. ECF No. 16. The unsigned, unsworn document reflects an apparent effort by the government to fix deficiencies in their original complaint; switch out the law enforcement officer attesting to the allegations underlying the complaint; and add a second meritless charge under 18 U.S.C. § 1505—another felony that, pursuant to the U.S. Constitution, requires indictment by a grand jury in order to be sustained.

The government's last-ditch filing before the pre-scheduled preliminary hearing in this case is not merely procedurally improper and substantively deficient. It represents a serious abuse of the criminal charging process, a troubling disregard for the judicial safeguards governing the initiation of criminal proceedings, and a calculated effort to evade judicial scrutiny and shield the government's allegations from adversarial testing at the scheduled preliminary hearing. It

demonstrates a flagrant disregard for a fundamental principle of our nation's criminal justice system: the presumption of innocence. And it reflects a troubling disregard for the prosecutors' obligations not to heighten the condemnation of the accused. *See* D.C. Rules of Professional Responsibility, 3.6, 3.8(f). Accordingly, pursuant to the Court's inherent authority to strike improper filings and Fed. R. Crim. P. 57(b), counsel for Defendant Nicole Floris respectfully moves to strike the so-called "Superseding Criminal Complaint" docketed at ECF No. 16.

Federal Rule of Criminal Procedure 3 requires that a criminal complaint be made under oath before a magistrate judge or other authorized judicial officer. Fed. R. Crim. P. 3, 4.1. The purported superseding complaint filed by the government is both unsigned and unsworn by any law enforcement officer and unapproved by any judicial officer. A document that has not been sworn by an affiant and presented to a judicial officer is not a "complaint" within the meaning of Rule 3. No rule authorizes its filing on the public docket. It stands in plain defiance of the fundamental requirements for initiating criminal charges. The filed document is, in essence, a nullity, but worse—it flouts Ms. Floris's rights.

The government's decision to place this document on the public docket is particularly egregious and warrants a finding that it was filed in bad faith. The public docket is not a vehicle for the government to publish unapproved criminal accusations, advance its preferred narrative, or generate publicity under the imprimatur of a federal criminal proceeding. Yet that is precisely the effect of filing a document styled as a criminal complaint, containing new allegations concerning conduct dating back to 2023, without first satisfying the requirements that distinguish a legally cognizable charging instrument from an untested prosecutorial accusation or, worse still, mere political narrative. The government cannot evade these safeguards simply by labeling its filing a "superseding complaint."

The timing of the government's filing is particularly troubling. At 12:20 a.m. on the very day the government is required to establish probable cause at the preliminary hearing on the original complaint, the government purported to alter the charging instrument without judicial authorization, in an apparent effort to disrupt the hearing and evade the judicial scrutiny that Rule 5.1 requires. This effort is plainly improper and raises a serious concern that the government is seeking to deprive the defendants of their right to challenge the pending charges because it cannot establish probable cause to support those charges. Rule 5.1 expressly identifies the circumstances in which a preliminary hearing is unnecessary, including the return of an indictment, the filing of an information under the applicable provisions of Rule 7, or a defendant's waiver. Fed. R. Crim. P. 5.1(a). The filing of a purported "superseding complaint" is not among them. Nor can the government unilaterally reset the procedural clock, frustrate Defendants' opportunity to challenge probable cause, or derail an orderly judicial proceeding simply by placing new accusations on the docket in the dead of night. Indeed, this misconduct is precisely the reason federal courts possess inherent authority to control their own dockets and to strike pleadings that are filed improperly or in bad faith. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 46-47 (1991); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket." (citing *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998)). A Judge in this District recently upheld this foundational authority in *Doe #1 v. American Federation of Government Employees*, 2023 WL 3019876, at *2-3 (Apr. 20, 2023) (D.D.C.) (JDB) ("This broad power includes the authority to strike material from its docket for noncompliance with court orders or rules.").

The government has had ample opportunity to present its allegations—related to Ms. Floris's and Mr. Benavides's conduct in the discharge of their official duties as senior intelligence

officers *in 2023*—through the procedures prescribed by the Federal Rules. Its eleventh-hour attempt to circumvent those procedures, on the eve of a hearing designed to test the sufficiency of its charges, strongly supports an inference of bad faith and warrants the Court's intervention.

Date: October 27, 2026

Respectfully submitted,

*/s/ Mary L. Dohrmann*______
Mary L. Dohrmann (D.C. Bar No. 90042577)
Kyle Freeny (D.C. Bar No. 1684764)
Washington Litigation Group
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8743
mdohrmann@washingtonlitigationgroup.org
kfreeny@washingtonlitigationgroup.org

*/s/ Margaret Donovan*________________
Margaret M. Donovan (DDC No. CT0026)
Christopher M. Mattei (DDC No. CT0029)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com
cmattei@koskoff.com